## WILLIAM T. FISH, Administrator, *vs.* ALLEN L. FRENCH.

The payee of a promissory note is a competent witness to prove that it was given without consideration, and, after it had been paid and given up to the promisor, was again placed in the hands of the payee for another purpose than of being paid, and that a subsequent indorser took it with notice of all these facts.

The indorsee of a promissory note, secured by a mortgage of real estate, who takes the note from the payee when overdue and without notice that it was originally without consideration and was in his hands for another purpose than as a note to be paid, takes it subject to every defence to which it is liable in the hands of the original payee, and may be compelled in equity to cancel the note and mortgage, and to surrender possession of the premises to the maker, without being repaid what he has paid for an assignment of the mortgage.

BILL IN EQUITY by the administrator of the maker of a promissory note and of a mortgage of real estate to secure it, against an indorser of the note and assignee of the mortgage, to compel the cancelling of the note and mortgage, the surrender of possession of the land, and for an account and further relief. Trial before *Dewey*, J., who made a report thereof to the full court, the substance of which is stated in the opinion.

*M. Wilcox*, for the plaintiff.

*J. C. Wolcott*, for the defendant.

DEWEY, J. The note purporting to be secured by the mortgage deed of Samuel C. Kenyon and his wife Phebe Kenyon first passed into the hands of the defendant more than eight years after the same was by its terms due and payable. It was a dishonored note, and of course taken subject to any defence that might exist to the payment of the same. Flavius P. Noble, the payee of the note, is now called as a witness to prove, not merely that the note was originally without any consideration; but that, long after the time of payment of the note, it was given up to the promisors, and then again placed in the hands of Noble for another purpose than as a note to be paid; and also to prove that the defendant was informed of all these facts and took the note with full knowledge of them, and fraudulently as respects the makers. The indorser of a note under these circumstances, is a competent witness. *Thayer v Crossman*, 1 Met. 416

Upon the case as found by the evidence, there is nothing justly due upon the note, and of course nothing for the mortgage to stand as security for. Any attempt to enforce the same would be fruitless. The plaintiff therefore properly asks that the mortgage may be cancelled, and the defendant required to release all claim to the premises under the mortgage. This, we think, he should be required to do, without any payment to him, and the plaintiff is to recover the costs of the present suit. *Decree for the plaintiff*